IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GLEN ALLEN DUCK, JR.,
    Plaintiff,

v.                                                     Civil No. 3:19cv802 (DJN)

MR. THORNBURG,
    Defendant.

**MEMORANDUM OPINION**

Glen Allen Duck, Jr. ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on the Particularized Complaint filed by Plaintiff. (ECF No. 14.) For the reasons that follow, the Court will dismiss the action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and §1915A.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. The Court construes Duck to bring this action pursuant to § 1983, because he indicates that Defendant, Mr. Thornburg, "acting under color of state law deprived my own self of a Constitutional right or of a right conferred by a law of the United States." (Part. Compl. 2.) The Court corrects the capitalization, spacing, and punctuation in quotations from the Particularized Complaint.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court will accept a plaintiff's well-pleaded allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. And the facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

In his original Complaint, Plaintiff indicated that "he felt uncomfortable about how Deputy [Thornburg] was staring at his genitals while he was using the bathroom." (ECF No. 1, at 4.) Plaintiff explains that he "made sexual abuse and harassment claims to Sergeant McCann," however, according to Plaintiff, an investigation revealed "this accusation does not meet the requirements of standard 115.6 definition of sexual abuse, but does of harassment. When Sergeant reviewed the video footage, Deputy Thornburg was removing toilet paper from door[] locking mechanism, [and] Thornburg made every attempt not to peer at him, but was unsuccessful." (*Id.*) Plaintiff argued that this action violated his "rights under the Uniform Commercial Code . . . in connection [with] his signature, he did not accept the liability of any compelled benefit, or any unrevealed contract of commercial agreement to warrant the type of

Sexual Abuse and Harassment." (*Id.* (spelling corrected).) By Memorandum Order entered on April 22, 2020, the Court explained the following to Plaintiff:

> In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:
> 
>   a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV802."
>   b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>   c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(ECF No. 13, at 1–2.)

Plaintiff then filed a Particularized Complaint. However, the Particularized Complaint fails to remedy the deficiencies identified in the April 22, 2020 Memorandum Order. Plaintiff alleges, in sum:

> Thus, as directed by the Clerk(s) sent copy of a Memorandum Order[] to GLEN ALLEN DUCK, JR., Plaintiff dated April 22nd, 2020 and signed by Roderick C. Young, United States Magistrate Judge.

> This particular pleading contains MR. THORNBURG, Defendant in Civil Action Number 3:19CV802 and will have compliance in the order set, unless an error causes failure, resulting in a possible dismissal of the action. See Fed. R. Civ. P. 41(b).
> Now stated by GLEN ALLEN DUCK, JR., Plaintiff for the want of compliance with §3232 District of Offense (Rule) and Memorandum Order[] in the United States District Court for the Eastern District of Virginia, Richmond Division assisting or providing contact information for the Office of the Victim's Right[s] Ombudsman of the Department of Justice, having an obligation in good faith to perform or accept under the reservation of rights allege that MR. THORNBURG, Defendant acting under color of state law deprived my own self of a Constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).
> In order to provide MR. THORNBURG, Defendant with fair notice of the fact and legal basis upon which his liability rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 N.S. 41, 47 (1957).
> This humble Court must liberally construe pro se civil rights complaint in order to address constitutional deprivations. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), therefore, in connection with surety to my signature, I reserve the right not to be compelled to perform under any contract or commercial agreement, I did not enter into knowingly, voluntarily, intentionally. I do not accept liability of compelled benefit or any unrevealed contract of commercial agreement.
> Thereby, it is plainly stated by GLEN ALLEN DUCK, JR., Plaintiff under perjury of law that MR. THORNBURG, Defendant, will of had attempted to commit aggravated sexual abuse giving way to U.S.C. § 3771 crimes victim(s) rights for relief by prayer under Title U.S.C. § 1983.

(Part. Compl. 1–3 (numbering omitted).) Plaintiff also filed a Motion to Proceed in Common Law (ECF No. 15) that contains no factual allegations and fails to clarify under what theory he seeks to proceed. It remains entirely unclear what relief that Plaintiff seeks.

### III. ANALYSIS

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

5

Fed. R. Civ. P. 8(a)(2). While courts should liberally construe pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers . . . . [and] they cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* at 1278. Thus, it is both unnecessary and inappropriate to engage in an extended discussion of Plaintiff's allegations. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" complies with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)).

Plaintiff fails to allege any facts that would plausibly suggest a violation of his constitutional rights or his rights under any federal law. Certainly, Plaintiff fails to explain, and the Court fails to discern, how alleged sexual harassment would have any relationship to the Uniform Commercial Code.[2] Rather, it appears that Plaintiff may subscribe to the "Redemptionist" theory, which the Court has previously found legally frivolous.[3] Accordingly,

---

[2] Plaintiff was provided an opportunity to identify a constitutional right violated and provide fair notice of the facts and legal basis upon which Mr. Thornburg's liability rests, but Plaintiff chose not to follow the directives of the Court. Although Plaintiff's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

[3] As this Court has previously explained:

6

Plaintiff's claims will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.

---

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

See *Ferguson-El v. Virginia*, 2011 WL 3652327, at *2 (E.D. Va. Aug. 18, 2011) (quoting *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3rd Cir. 2008). Plaintiff's usage of capital letters for his name and the Defendant's name provides further evidence of his adherence to Redemptionist theory:

> Redemptionists claim that by a birth certificate, the government created strawmen out of its citizens. A person's name spelled in English, that is with initial capital letters and small letters, represents the real person, that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe that only the strawman is referenced, and the flesh and blood person is not involved.

See *id.* at *3 (citation omitted).

## IV. CONCLUSION

Plaintiff's claims will be DISMISSED WITH PREJUDICE. The action will be DISMISSED as frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion and send a copy to Plaintiff.

                                                     /s/
                                         David J. Novak
                                         United States District Judge

Richmond, Virginia
Dated: August 7, 2020